## NORMA BREWER McCALL, Appellant, v. TEXAS ALFORD McCALL, Respondent.

No. 3775

February 18, 1954.                    266 P.2d 1016.

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Jones and Pursel,* of Las Vegas, for Respondent.

**OPINION**

By the Court, Merrill, J.:

Appellant complains of a property division accomplished by the trial court in conjunction with a decree of divorce granted in her favor.

She asserts, first, that the division was so inequitable as to amount to abuse of discretion. In our view there is no merit whatsoever in this contention. Appellant was awarded one-half of the community property plus a right to one-half of the only income produced by any of the property of the parties. This income results from a lease upon mineral land, which land was found to be respondent's separate property.

Appellant contends, however, that more than questions of discretion are involved; that the trial court erred in finding certain items of property not to be community property.

Seventeen items of property were separately considered and awarded by the court. Of these, six were found to be community property and equally divided. As to two items the nature of the property interests of the parties was not specified. Of these two, one item (a barren corporation without assets or issued stock) was awarded to respondent. The other, the mining lease to which we have already referred, will be discussed later.

The remaining items were found by the court not to be community property and were awarded to respondent as his separate property. It is with these that we are concerned. The only one of these items with any apparent substantial value is a group of mining claims known as the Salisbury Claims. Prior to marriage of the parties respondent had a 45 percent equitable interest in these claims, legal title to which was in one Prutzman who also had a 45 percent equitable interest. After marriage of the parties Prutzman deeded his interest to respondent. According to testimony of Prutzman the interest was deeded as a gift. The record thus supports the court's finding as to this item and it will not be disturbed.

The mining lease to which we have referred was upon the Salisbury Claims. Notwithstanding the fact that the claims were respondent's separate property, respondent and appellant both were signatory parties to the

lease, being designated as lessors. According to respondent's testimony appellant's signature was required by the lessee as a matter of precaution. As to this lease the court decreed that the interest of the parties therein "and all rights, benefits, rents, profits, and royalties arising therefrom" be awarded one-half to appellant and one-half to respondent.

As to the remaining property items with which we are concerned, in each instance the basis for appellant's claim of error is that according to respondent's testimony the items were purchased with money received from the mining lease. Appellant appears to proceed upon the assumption that the lease, all rights thereunder and all proceeds therefrom were community property. The trial court, however, did not find that the lease was community property. It limited itself to a finding that the lease existed and did not expressly determine the extent, source or nature of appellant's interest. It does not necessarily follow from the court's action that it must have found the lease to be community property. By sec. 9463, N.C.L.1929, Supp. 1943–1949, the court in granting a divorce is given extensive discretionary power to deal not only with community property but with the separate property of the husband as well. In which respect the court felt itself to be acting does not appear. Nor shall we speculate upon the matter. The factual record certainly does not compel a finding that the lease or its proceeds or items purchased therewith constituted community property, or that prior to the court's award appellant had any ascertainable property interest therein.

No error appearing, the question remains one of discretion. As we have stated no abuse of discretion has been shown.

Judgment affirmed. No costs are awarded.

EATHER, C. J., and BADT, J., concur.